**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MACK DESHAWN MCKINNEY,

                    Petitioner,                  Case Number: 05-CV-73206

v.                                    HON. GERALD E. ROSEN

JERI-ANN SHERRY,

                    Respondent.

_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND**
**DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

       Petitioner Mack Deshawn McKinney, through counsel, has filed a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the

Ernest C. Brooks Correctional Facility in Muskegon Heights, Michigan, challenges his

conviction for armed robbery. Respondent has filed a motion to dismiss on the ground that the

petition contains an unexhausted claim. For the reasons which follow, the Court concludes that

Petitioner's third claim is unexhausted and shall dismiss the petition without prejudice so that

Petitioner may return to state court to exhaust this claim.

**I.**

       Petitioner pleaded guilty in Jackson County Circuit Court to armed robbery. He was

sentenced on June 26, 2003, as a second habitual offender, to twenty to fifty years imprisonment.

       Petitioner filed an application for leave to appeal in the Michigan Court of Appeals,

presenting the following claims:

     I.      Mack McKinney is entitled to resentencing because the statutory sentencing guidelines were misscored as to Offense Variables 1, 2, 7, 10 and 14 and the sentence is a departure from the statutory sentencing guidelines imposed without compliance with departure requirements.

     II.    Mack McKinney should be remanded for resentencing before a different judge where the court would have substantial difficulties putting previously expressed negative views of the defendant out of his mind.

The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." People v. McKinney, No. 253133 (Mich. Ct. App. Feb. 13, 2004).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, presenting the same claims presented to the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. People v. McKinney, No. 125903 (Mich. Aug. 31, 2004).

Petitioner then filed the pending petition for a writ of habeas corpus. He presents the following claims for habeas relief:

     I.      Mack McKinney is entitled to resentencing because the statutory sentencing guidelines were misscored as to Offense Variables 1, 2, 7, 10 and 14 and the sentence is a departure from the statutory sentencing imposed without compliance with departure requirements in violation of his right to due process.

     II.    Mack McKinney was denied his due process right to a fair and impartial sentencing and should be remanded for resentencing before a different judge where the court would have substantial difficulties putting previously expressed negative views of Mr. McKinney out of his mind.

     III.   Mack McKinney is entitled to re-sentencing, under the United States Supreme Court's decision in Blakely v. Washington, 542 U.S. 296; 124 S. Ct. 2531; 159 L. Ed. 2d 403 (2004) and the Sixth and Fourteenth Amendments of the United States Constitution, within a guidelines range that does not assess any points for offense variables.

**II.**

Respondent argues that Petitioner's third claim for habeas corpus relief, that his sentence violates the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), is

unexhausted.  The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition.  *See* 28 U.S.C. § 2254(b)(1)(A) and (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process.  O'Sullivan, 526 U.S. at 845.  A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns."  Levine v. Torvik, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also* Prather v. Reese, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations").  A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief.  *See* Mohn v. Bock, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also* Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990).  The petitioner bears the burden of showing that state court remedies have been exhausted.  Rust, 17 F.3d at 160.

Petitioner did not present his Blakely claim to the Michigan Court of Appeals or Michigan Supreme Court.  Petitioner's Blakely claim, therefore, is unexhausted.

The exhaustion requirement may be excused where there is no opportunity to obtain relief in state court, or if the process to do so is so deficient as to render futile any effort to obtain relief in state court.  Duckworth v. Serrano, 454 U.S. 1, 3 (1981).  Thus, the court must consider whether Petitioner has an avenue available for exhaustion of this unexhausted claim in state

court.

The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claim. Petitioner can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claim. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. Petitioner's unexhausted claim should be addressed to, and considered by, the state courts in the first instance so the state courts will have an opportunity to decide whether his sentence runs afoul of Blakely.

Accordingly, the Court will dismiss the petition without prejudice for failure to exhaust state court remedies. Petitioner may move to reopen this matter upon exhausting his state court remedies. In order not to "'jeopardize the timeliness of a collateral attack,'" Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002), *quoting* Zarvela v. Artuz, 254 F.3d 374, 380 (2d Cir. 2001), the Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition until Petitioner returns to federal court. This tolling of the limitations period is conditioned upon Petitioner pursuing exhaustion of state court remedies within sixty days from the date of this order and returning to federal court within sixty days of exhausting his state court remedies.

### III.

For the foregoing reasons, **IT IS ORDERED** that Respondent's Motion to Dismiss is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED WITHOUT**

PREJUDICE.

   **IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C.

§ 2244(d)(1) shall be tolled from the date Petitioner filed the pending petition until the time

Petitioner returns to federal court to pursue habeas relief, provided that Petitioner pursues

exhaustion of state court remedies within sixty days from the date of this order and seeks leave

to reopen these habeas corpus proceedings within sixty days of exhausting state court remedies.




                           s/Gerald E. Rosen
                           Gerald E. Rosen
                           United States District Judge

Dated:  June 30, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on
June 30, 2006, by electronic and/or ordinary mail.

                           s/LaShawn R. Saulsberry
                           Case Manager